J. A27003/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                v.             :
                                  :
NATHAN BALBOA ABLE,        :       No. 1925 WDA 2013
                                  :
             Appellant    :

Appeal from the Judgment of Sentence, November 20, 2013,
in the Court of Common Pleas of Fayette County
Criminal Division at No. CP-26-CR-0001642-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED DECEMBER 03, 2014**

Appellant appeals from the judgment of sentence, challenging the original ruling of the suppression court which denied suppression.[1] We note that the court below entered an opinion on January 14, 2014 stating that its original decision was in error and asking this court to reverse its decision. Finding that suppression should have been granted, we reverse the suppression ruling and vacate the judgment of sentence.

We begin our factual history by presenting the findings of fact by the trial court:

    1.    In the early morning hours of May 12, 2012, Trooper Anthony Demarche was on patrol near

---

[1] Appellant's notice of appeal purported to appeal from the April 12, 2013 order denying suppression. The appeal properly lies from the judgment of sentence.

the Borough of Vanderbilt. N.T., 2/12/13, at 6-7.

2. As the Trooper proceeded on State Route 201, he observed a silver Chrysler 300C Sedan proceeding in the same direction and directly in front of his vehicle. *Id.* at 7-8.

3. Following the Chrysler, he observed it drifting within its lane. *Id.* at 8.

4. Additionally, within a distance of two to three miles, the Trooper observed the vehicle drift across the fog line in its lane on five occasions. *Id.* at 8-9.

5. This occurred on a clear night on or about 2:44 am. *Id.* at 8.

6. After these observations, the Chrysler being operated by Appellant was stopped. *Id.* at 9.

7. The Petition for Writ of Habeas Corpus was withdrawn by Appellant at the time of the hearing. *Id.* at 11.

8. The Commonwealth did not offer any evidence of other vehicles on the roadway, or any evidence that Appellant's driving was erratic or unsafe.

9. The testimony of Trooper Demarche was credible.

10. Trooper Demarche failed to point to specific and articulable facts that would warrant the traffic stop.

Trial court opinion, 1/14/14 at 1-2.

After appellant was stopped, Trooper Demarche detected a strong odor of alcohol in appellant's vehicle. (Notes of testimony, 11/19/13 at 6.)

Appellant had bloodshot eyes and slurred his speech. (*Id.*) Field sobriety tests were conducted, and upon determining that appellant was under the influence of alcohol, appellant was arrested. (*Id.* at 7-8.) Appellant was taken to a hospital, a blood test was performed, and appellant's blood alcohol content was determined to be .187. (*Id.* at 8-9.)

On November 13, 2012, appellant filed an omnibus pretrial motion challenging the constitutionality of his vehicle stop and requesting the court to suppress all evidence arising therefrom. On April 12, 2013, the motion to suppress was denied. On November 19, 2013, following a bench trial, appellant was found guilty of driving under influence of alcohol or controlled substance (general impairment), driving under influence of alcohol or controlled substance (highest rate of alcohol), and driving on roadways laned for traffic.[2] On November 20, 2013, the court entered its order sentencing appellant to 23 months' intermediate punishment with the first 180 days on house arrest, plus various fines, fees, and costs. This timely appeal followed. Appellant raises the following issues on appeal:

> I. Whether the suppression court erred when it held that probable cause and/or reasonable suspicion existed to warrant a traffic stop of the Appellant's vehicle for a violation of 75 Pa.C.S. § 3309(1)?
>
> II. Whether the testimony offered by Trooper Demarche at the Omnibus Pretrial Motion hearing is supported by the objective evidence

---

[2] 75 Pa.C.S.A. §§ 3802(a)(1); 3802(c); and 3309(1), respectively.

> presented on the DVD of the dashboard video
> that recorded the entire incident in question?

Appellant's brief at 5.

We find merit in appellant's first issue; consequently we need not address appellant's second issue. We begin our analysis with our standard of review:

> The standards governing a review of an order denying suppression motion are well settled:
>
>> We are limited to determining whether the lower court's factual findings are supported by the record and whether the legal conclusions drawn therefrom are correct. We may consider the evidence of the witnesses offered by the Commonwealth, as verdict winner, and only so much of the evidence presented by [the] defense that is not contradicted when examined in the context of the record as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court were erroneous.

**Commonwealth v. Landis**, 89 A.3d 694, 702 (Pa.Super. 2014), quoting **Commonwealth v. Feczko**, 10 A.3d 1285, 1287 (Pa.Super. 2010) (**en banc**) (citation omitted), **appeal denied**, 25 A.3d 327 (Pa. 2011).

We must first determine whether the police needed reasonable suspicion or probable cause to support the vehicle stop that occurred instantly. In **Feczko**, this court examined the interplay of 75 Pa.C.S.A. § 6308(b), which provides the authority for a police officer to engage in a vehicle stop, and which requires only reasonable suspicion of a Vehicle Code

violation to justify a stop, and constitutional concerns requiring probable cause. The *Feczko* court ultimately concluded:

> Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. In such an instance, "it is encumbent [sic] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code."

*Feczko*, 10 A.3d at 1291.

Thus, where a police officer observes a driver briefly cross into another traffic lane, if the officer stops the motorist for a violation of 75 Pa.C.S.A. § 3309(1), driving on roadways laned for traffic, the officer must have probable cause because the stop is being effected for the observed offense and not for the purpose of further investigation. However, if upon observance of the same behavior the officer stops the driver on suspicion of a violation of 75 Pa.C.S.A. § 3802, driving under the influence of alcohol or controlled substance, the officer needs only reasonable suspicion because the purpose of the stop is for further investigation. Under *Feczko*, reasonable suspicion will support only a *Terry* stop for further investigation;[3] but where no further investigation is needed, the stop may be justified only by probable cause.

---

[3] *Terry v. Ohio*, 392 U.S. 1 (1968).

At the suppression hearing and at trial, Officer Demarche testified but did not articulate for which particular violation of the Vehicle Code he decided to stop appellant. He described appellant as crossing the fog line along the side of the road five times over a distance of two to three miles. However, Officer Demarche did not testify that he suspected at that time that appellant was driving under the influence of alcohol. Thus, it does appear Officer Demarche was stopping appellant for a violation of driving on roadways laned for traffic, which violation required no further investigation and for which the officer would thus need probable cause under *Feczko*.[4]

Under the facts of this case, we find that Trooper Demarche was without probable cause to stop appellant's vehicle. We are guided by *Commonwealth v. Gleason*, 785 A.2d 983 (Pa. 2001),[5] which exhibited a similar fact pattern:

> On July 21, 1998, in the early morning hours, Officer Guy Rosato of the Westtown East Goshen Police Department was on patrol traveling westbound on the West Chester Pike, a/k/a Route 3, in East

---

[4] We note that the trial court determined that a reasonable suspicion standard applied here. (Trial court opinion, 1/14/14 at 2-3.) We also note that even employing that more relaxed standard, the trial court still found that the police here presented insufficient specific and articulable facts to justify the stop.

[5] We observe that subsequent case law has noted that the probable cause standard employed by the *Gleason* court was subsequently superseded by 75 Pa.C.S.A. § 6308(b), which required only reasonable suspicion. *Commonwealth v. Smith*, 917 A.2d 848, 850 (Pa.Super. 2007). As our prior discussion indicated, however, case law subsequent to *Smith*, such as *Feczko*, re-imposes the probable cause standard under the circumstances appertaining herein.

- 6 -

Goshen Township. The West Chester Pike is a four lane divided highway. Officer Rosato noticed a gray Mazda approximately eight to ten car lengths in front of him. He followed the vehicle and observed it cross the solid fog line on two or three occasions over a distance of approximately one quarter mile. During the period that Officer Rosato was following the vehicle, there were no other vehicles on the roadway. Nevertheless, Officer Rosato decided to investigate as to the reason for this behavior.

Upon stopping Appellant, Officer Rosato observed signs of intoxication and performed field sobriety tests, which Appellant failed. Appellant was placed under arrest and refused to submit to blood alcohol testing. Officer Rosato then searched Appellant and his vehicle and recovered, among other things, a suspended driver's license, an uncapped syringe, and a small amount of cocaine. Appellant was charged with driving under the influence of alcohol, driving with a suspended license, careless driving, possession of a controlled substance, and possession of drug paraphernalia.

*Id.* at 985. The supreme court held that the vehicle stop was improper and quoted the language of the trial court:

Given the early morning hour, the fact that there was no other traffic on the roadway and the rather momentary nature of defendant's vehicle crossing the fog line on two perhaps three occasions, the officer erred in believing he had justification to stop defendant's vehicle. The observations of Office [sic] Rosato do not warrant a stop on any cognizable legal theory.

*Id.* at 985-986.

Indeed, if we examine the language of the statute at issue it is difficult to see a violation here:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others not inconsistent therewith shall apply:
>
> **(1) Driving within single lane.**--A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.

75 Pa.C.S.A. § 3309(1). Appellant's brief crossing of the fog line five times over a distance of two to three miles in the early morning hours with no other traffic on the road is certainly within the safety deviation permitted by the statute. We see no violation of the statute and no probable cause to stop appellant's vehicle. Consequently, we are constrained to reverse the ruling of the suppression court and vacate the judgment of sentence.

Order reversed. Judgment of sentence vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2014

- 8 -